UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNALDO INFANTE-CABRERA,

    Petitioner,

v.

TIM DONNELLON, et al,

    Respondent.

                                     /

Case No. 2:11-cv-14340

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER STRIKING PLAINTIFF'S
SECOND, THIRD, FOURTH, AND FIFTH AMENDED
PLEADINGS AND DISMISSING COMPLAINT (docket no. 7)**

This is prisoner civil rights action. The Plaintiff, Arnaldo Infante-Cabrera, filed this complaint pro se under 42 U.S.C. §1983. His original complaint alleges that he was denied his right of access to the courts while incarcerated at St. Clair County Jail. ECF no. 1. Mr. Infante-Cabrera filed his first amended complaint adding a claim that during a one week stay in the jail's detention disciplinary unit, the defendants' daily removal of the mattress from his cell during daylight hours constituted cruel and unusual punishment. ECF no. 7. Mr. Infante-Cabrera has since been transferred to the Federal Correctional Institute in Milan, Michigan ("FCI-Milan"). The Court has examined the claims and for the following reasons, the Court will dismiss the complaint.

The Second, Third, Fourth, and Fifth Amended Complaints

As a preliminary matter, the Court will first consider the second amended complaint filed by Mr. Infante-Cabrera, ECF no. 15, and the third, fourth, and fifth amended complaints filed by three additional prisoners not named in the original or first amended complaint, Joseph Goireg, Malcon Harrison, and Damontai Weeks. ECF nos. 8, 10, 11.

1

Federal Rule of Civil Procedure 15(a)(1) states that a party may amend a pleading once as a matter of course if a responsive pleading as not yet been filed. After this, a party may amend a pleading only with the opposing party's written consent or leave of the court. Fed. R. Civ. P. 15(a)(1)(2). Here, leave of this Court was not obtained before the filing of the second, third, fourth, or fifth amended complaints. The Court will strike these amended complaints.

Standard of Review

The Prison Litigation Reform Act requires a court to screen a prisoner's civil action before service in certain situations for frivolity, malice, or failure to state a claim. Specifically, 42 U.S.C. §1997e requires a court to dismiss a prisoner's complaint regarding prison conditions if the complaint is frivolous, malicious, or fails to state a claim. Similarly, 28 U.S.C. §1915A also requires a court to dismiss a prisoner's complaint, this time if filed against government entities or employees, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

"'[L]abels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

The Court may dismiss an action for failure to state a claim if the allegations are not "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim for relief that is plausible on its face.'" *Henley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (internal citation omitted) (quoting *Twombly*, 550 U.S. at 555, 570). In evaluating the motion, the Court presumes the truth of all well-pled factual assertions. *Bishop v. Lucent Techs.*, 520 F.3d 516, 519 (6th Cir. 2006). Moreover, it must draw every reasonable inference in favor of the non-moving party. *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007). But a complaint is insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678*.* (quoting *Twombly*, 550 U.S. at 557).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594 (1972).

Analysis of Claims

I. Access to the Courts

Mr. Infante-Cabrera first alleges that the defendants violated his right of access to the courts. It is well settled that prisoners, including indigent prisoners, have a constitutional right of access to the courts which the states have an affirmative duty to protect. *See Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). A prisoner's right of access to the courts

is limited to matters of direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). To state a violation of this right, a prisoner must allege that a prison official's conduct caused him an actual injury, such as frustration of a particular legal claim. *Hadix v. Johnson*, 182 F.3d 400, 405–06 (6th Cir.1999). Examples of actual injury to "pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

Mr. Infante-Cabrera cites three federal court cases to which he is a party which he alleges were negatively impacted by the defendants actions. The first is a habeas corpus petition challenging his placement in administrative segregation at FCI-Milan for assaulting another inmate and challenging the failure to obtain a timely indictment. The docket sheet reflects that, during the pendency of that proceeding, Mr. Infante-Cabrera was incarcerated at FCI-Milan.[1] *See Infante-Cabrera v. Walton,* No. 2:10-cv-13654 (E.D. Mich. 2010). Therefore, he cannot show that his rights in that proceeding were prejudiced by any of the defendants' actions at St. Clair County Jail. Second, Mr. Infante-Cabrera filed an appeal from the denial of the habeas petition. Here, Mr. Infante-Cabrera was incarcerated at the St. Clair County Jail for at least part of the time the appeal was pending in the Sixth Circuit Court of Appeals. The appeal was denied because Mr. Infante-Cabrera's release from segregation and the filing of a timely indictment rendered the appeal moot. Mr. Infante-

---

[1]Mr. Infante-Cabrera was incarcerated at FCI-Milan during the original habeas action from September 14, 2010, to December 1, 2010. It appears he was transferred to St. Clair Shores County Jail, and then eventually, back to FCI-Milan.

Cabrera fails to allege any plausible way in which the defendants' actions negatively affected his ability to pursue or argue this appeal. In fact, Mr. Infante-Cabrera filed a twenty-five page response in the proceeding which included legal arguments and citation of authority. Finally, Mr. Infante-Cabrera cites a federal criminal case presently pending against him, *United States v. Infante-Cabrera*, No. 2:11-cr-20075 (E.D. Mich. 2011). Mr. Infante-Cabrera is represented by appointed counsel in that proceeding and he again fails to allege with any specificity any way in which defendants actions' frustrated his ability to mount a defense.

Mr. Infante-Cabrera has not identified any legal argument he could not raise, any deadline missed, or any evidence he could not submit in any other court proceeding because of defendants' actions. The Court concludes Mr. Infante-Cabrera fails to allege a claim that his constitutional right of access to the courts has been denied.

II. Eighth Amendment Claim

Mr. Infante-Cabrera next alleges that defendants violated his right to be free from cruel and unusual punishment by not allowing him access to his mattress during daytime. According to Mr. Infante-Cabrera, jail officials collect mattresses at 6:30 AM and return them at 9:30 PM. Mr. Infante-Cabrera states this causes him a hardship because he suffers from arthritis and is forced to sleep on the metal bed.

"[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation omitted) (internal quotation marks omitted). While there is no "static test" to determine whether the conditions of confinement violate the Eighth Amendment, prison

5

officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's health or deprive an inmate of basic human needs, food, medical care or sanitation. *Id.* at 346–47. "'Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment'." *Richmond v. Settles*, 2011 WL 6005197, *5 (6th Cir. Dec. 2, 2011) (quoting *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987)). An Eighth Amendment conditions of confinement claim has both a subjective and objective component. *Id.* The objective component requires a plaintiff to show that the deprivations to which he has been subjected deprived him of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347 (1981). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Court concludes that deprivation of a mattress during daylight hours does not deprive a prisoner of the minimal civilized measure of life's necessities. *See Alex v. Stalder*, 225 F. Appx 313 (5th Cir. 2007) (taking of mattress during daytime hours does not state an Eighth Amendment violation); *Mestre v. Wagner*, 2012 WL 300724, *4 (E.D. Pa. Jan. 31, 2012) (no Eighth Amendment violation where inmates provided with mattress for nine hours each night); *see also Jones v. Toombs*, 77 F.3d 482 (6th Cir. 1996)(two week mattress restriction did not violate Eighth Amendment). Therefore, Mr. Infante-Cabrera has not stated a claim under the Eighth Amendment for which relief can be granted.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Mr. Infante-Cabrera's second amended

complaint (docket no. 14), and third, fourth, and fifth amended complaints filed by Mr. Goireg (docket no. 8), Mr. Harrison (docket no. 10), and Mr. Weeks (docket no. 11) are **STRICKEN**, and Mr. Infante-Cabrera's complaint (docket no. 7) is **DISMISSED WITH PREJUDICE**.

    **SO ORDERED**.

                      s/Stephen J. Murphy, III
                      STEPHEN J. MURPHY, III
                      United States District Judge

Dated: August 31, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 31, 2012, by electronic and/or ordinary mail.

                      Carol Cohron
                      Case Manager